**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.**

STEVEN SLACK,

     **Plaintiff,**

v.

EXPERIAN INFORMATION SOLUTIONS
INC and
CAVALRY PORTFOLIO SERVICES LLC,

     **Defendants.**

_____/

## COMPLAINT

Plaintiff Steven Slack ("Plaintiff") sues Experian Information Solutions Inc ("Experian")

and Cavalry Portfolio Services LLC ("Cavalry Portfolio) for violations of the Fair Credit Reporting

Act ("FCRA") and Fair Debt Collection Practices Act ("FDCPA").

## JURISDICTION AND VENUE

1.    Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and

28 U.S.C. § 1337.

2.    Venue in this District is proper because Plaintiff resides here, Defendants transact

business here, and the complained conduct of Defendants occurred here.

## PARTIES

1.    Plaintiff is a natural person, and a citizen of the State of Florida, residing in Miami-

Dade County, Florida.

2.    Experian is an Ohio corporation, with its principal place of business located in

Costa Mesa, California.

3.      Cavalry Portfolio is a Delaware limited liability company, with its principal place of business located in Valhalla, New York.

## DEMAND FOR JURY TRIAL

4.      Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## FACTUAL ALLEGATIONS

*ALLEGATIONS AS TO CAVALRY PORTFOLIO*

5.      On a date better known by Cavalry Portfolio, Cavalry Portfolio began attempting to collect a debt (the "Account") from Plaintiff.

6.      The Account is an obligation allegedly had by Plaintiff to pay money arising from a transaction between the creditor of the Account, Citibank, and Plaintiff. In particular, the Account relates to a personal line of credit (the "Subject Service").

7.      The Subject Service was primarily for personal, family, or household purposes.

8.      Cavalry Portfolio is a business entity engaged in the business of soliciting consumer debts for collection.

9.      Cavalry Portfolio is a business entity engaged in the business of collecting consumer debts.

10.      Cavalry Portfolio regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

11.      Cavalry Portfolio is registered with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

12.      Cavalry Portfolio's "Consumer Collection Agency" license number is CCA9902186.

13.     Cavalry Portfolio maintains, and keeps current within seven days, all the information and documentation required by Florida Administrate Code Rule 69V-180.080 with respect to the accounts placed with it for collection involving Plaintiff.

14.     Cavalry Portfolio maintains, and keeps current within seven days, Plaintiff's name and address. Fla. Admin. Code R. 69V-180.080(3)(a).

15.     Cavalry Portfolio maintains, and keeps current within seven days, the date any account relating to Plaintiff was placed with Cavalry Portfolio for collection. Fla. Admin. Code R. 69V-180.080(3)(b).

16.     Cavalry Portfolio maintains, and keeps current within seven days, the original account number associated with each account placed with Cavalry Portfolio for collection that involves Plaintiff. Fla. Admin. Code R. 69V-180.080(3)(b).

17.     Cavalry Portfolio maintains, and keeps current within seven days, the actual amount of the Account submitted to Cavalry Portfolio for collection by the creditor. Fla. Admin. Code R. 69V-180.080(3)(c).

18.     Cavalry Portfolio maintains, and keeps current within seven days, all payments made by Plaintiff for each account placed with Cavalry Portfolio for collection, the date of each payment, the amount of each payment, and any remaining balance after each payment. Fla. Admin. Code R. 69V-180.080(3)(e).

19.     Cavalry Portfolio maintains, and keeps current within seven days, all documentation provided by the original creditor that relate to Plaintiff. Fla. Admin. Code R. 69V-180.080(9)(a).

20.     Cavalry Portfolio maintains, and keeps current within seven days, the date Plaintiff incurred the underlying debt and the date of the last payment made by Plaintiff. Fla. Admin. Code R. 69V-180.080(9)(b).

21.     Cavalry Portfolio maintains, and keeps current within seven days, the identity of the original creditor of the debt placed with Cavalry Portfolio for collection as known by Plaintiff. Fla. Admin. Code R. 69V-180.080(9)(c).

22.      Cavalry Portfolio maintains, and keeps current within seven days, the amount of each debt involving Plaintiff at the time of charge off. Fla. Admin. Code R. 69V-180.080(9)(d).

23.     Cavalry Portfolio maintains, and keeps current within seven days, copies of all letters, emails, and correspondence, whether written or electronic, sent to Plaintiff that relate to the account placed with Cavalry Portfolio for collection. Fla. Admin. Code R. 69V-180.080(10).

24.     Further, Cavalry Portfolio has written policies and procedures for the secure handling of all consumer documents and information received in the course of collecting a debt from a consumer as required by Rule 69V-180.090(2).

25.     Cavalry Portfolio is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

26.     Cavalry Portfolio is a "person" within the meaning of Fla. Stat. § 559.72.

27.      Cavalry Portfolio reported the Account to Experian (the "CRA") in an attempt to collect a debt.

28.      Cavalry Portfolio reported the Account to the CRA in connection with the collection of a debt.

29.     On or about January-2025, Plaintiff obtained copies of Plaintiff's credit reports from the CRA to review for accuracy in preparation of seeking lines of credit, as well as other services that consider Plaintiff's creditworthiness, such as employment and insurance.

30. Upon reviewing Plaintiff's credit reports, Plaintiff learned that Cavalry Portfolio was reporting false, misleading, incomplete, and otherwise inaccurate information regarding the Account.

31. Cavalry Portfolio's reporting of the Account lacked essential identifying and contextual information, including the original date the account was opened, the date it was closed, the account number, payment history, and other details necessary for Plaintiff to identify or verify the debt.

32. The incomplete reporting of the Account materially hindered Plaintiff's ability to determine whether the debt was valid, collectible, time-barred, or otherwise enforceable.

33. The incomplete reporting of the Account prevented Plaintiff from demonstrating positive account history, such as payment history and dates of activity, that would have improved Plaintiff's creditworthiness if reported.

34. The incomplete reporting of the Account caused Plaintiff to be evaluated less favorably by prospective creditors and materially diminished her creditworthiness.

35. Continuing to report Plaintiff's information inaccurately is significant. By continuing to report Plaintiff's information inaccurately, lenders believe Plaintiff has had a recent, major delinquency, of which negatively reflects on a consumer's credit worthiness by impacting the credit score negatively.

36. Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

37. Cavalry Portfolio reported false, misleading, incomplete, and inaccurate information regarding the Account and Plaintiff to the CRA (the "Volitive Information").

38.     The Volitive Information includes, but is not limited to, the failure to report the payment history associated with the Account, the true date the Account was actually opened, the date Plaintiff first became delinquent, the true status of the Account, and true amount of the underlying debt.

39.     The Account, as reported by Cavalry Portfolio, is inaccurate and incomplete.

40.     The Volitive Information is false, misleading, incomplete, and otherwise inaccurate because the history of payments made towards the Account are completely omitted, the dates reported are more recent than accurate, the amount reported exceeds any amount owed by Plaintiff, if anything, and the identity of the original creditor is omitted.

41.     Cavalry Portfolio knew the Volitive Information was false, misleading, incomplete and otherwise inaccurate because Cavalry Portfolio maintains, and keeps current within seven days, records reflecting the true and correct information as required by Florida Administrate Code Rule 69V-180.080.

42.     Cavalry Portfolio recklessly, and with complete disregard as to the consequences of its misconduct, reported false, misleading, incomplete, and otherwise inaccurate information regarding Plaintiff to the CRA in connection with the collection of the Account.

43.     Plainly, it appears as though Cavalry Portfolio pulled the Volitive Information out of thin air, willfully chose to omit key information relevant to Plaintiff's creditworthiness, and represented it as complete and accurate to the CRA. Alternatively, Cavalry Portfolio willfully chose to report the Volitive Information while knowing it was false, misleading, incomplete, and otherwise inaccurate because Cavalry Portfolio is required to obtain, retain, and keep up-to-date within seven (7) days, the complete payment history, the true amount of the debt, the true date

Plaintiff first became delinquent, and the true date the underlying account was originally opened to maintain a valid Consumer Collection Agency with the Florida Office of Financial Regulation.

44. Cavalry Portfolio's maintenance of records reflecting the complete payment history, the true amount of the debt, the true date Plaintiff first became delinquent, and the true date the underlying account was originally opened is necessary for it () to lawfully operate as a debt collector in Florida.

45. Any failure to maintain the minimum mandatory records, *see* Fla. Admin. Code R. 69V-180-080 ("A registrant shall, at a minimum, maintain all records specified in this rule.") invalidates Cavalry Portfolio's Consumer Collection Agency license and renders any and all conduct done in an attempt to collect a debt from a Florida consumer by Cavalry Portfolio unlawful.

46. As a result of Cavalry Portfolio reporting the Volitive Information, the Account will erroneously remain on Plaintiff's credit for more time than allowed by law and negatively effects Plaintiff's creditworthiness.

47. As a result of Cavalry Portfolio reporting the Volitive Information, Plaintiff's creditworthiness will be negatively impacted because it makes Plaintiff appear to have been delinquent more recently than accurate.

48. As a result of Cavalry Portfolio reporting the Volitive Information, Plaintiff's creditworthiness will be negatively impacted because it makes Plaintiff appear to have never made any payments towards the Account.

49. As a result of Cavalry Portfolio reporting the Volitive Information, or more pointedly, failing to report the payments previously made by Plaintiff towards the Account, makes

it appear as though no payments towards the Account have ever been made and that the amount Cavalry Portfolio seeks to collect is the full and original amount Plaintiff allegedly agreed to pay.

50.      Cavalry Portfolio knowingly or recklessly provided false information to the CRA concerning the date the Account was placed with Cavalry Portfolio collection, as the dates listed by Cavalry Portfolio are more recent than is accurate. Listing the dates placed for collection as more recent than is accurate negatively effects credit scores and credit worthiness of Plaintiff because it makes Plaintiff appear to have been delinquent more recently.

51.      On or about February 19, 2025, Plaintiff began notifying the CRA that the Account, as reported by Cavalry Portfolio, was false, incomplete, and inaccurate (the "Initial Dispute").

52.      The CRA transmitted the Initial Dispute to Cavalry Portfolio.

53.      Despite receiving the Initial Dispute from the CRA, Cavalry Portfolio failed to timely conduct a reasonable investigation into the Account and, as a result, allowed false, inaccurate, and incomplete information to persist on Plaintiff's credit reports.

54.      Despite Cavalry Portfolio failing to conduct an independent, reasonable investigation into the Initial Dispute, Plaintiff continued disputing the Account with the CRA, of whom transmitted Plaintiff's additional disputes to Cavalry Portfolio.

55.      On or about April 14, 2025, Plaintiff continued to dispute the Account with Cavalry Portfolio by and through disputes to the CRA (the "Additional Disputes").

56.      The CRA received and transmitted each of Plaintiff's disputes regarding the Account to Cavalry Portfolio.

57.      Cavalry Portfolio failed to conduct an independent, reasonable investigation into the Account in response to the disputes it received from the CRA and, as a result, allowed false, inaccurate, and incomplete information to persist on Plaintiff's credit reports.

58. As a result of Cavalry Portfolio reporting the Volitive Information to the CRA in connection with the collection of the Account, Plaintiff expended time drafting disputes to the CRA regarding the Volitive Information, as well as incurring the cost of mailing the disputes the CRA.

59. Plaintiff wasted time drafting and mailing the disputes to the CRA as a result of Cavalry Portfolio reporting of the Volitive Information in connection with the collection of a debt.

60. Plaintiff incurred more than $10.00 in costs mailing the disputes to the CRA as a result of Cavalry Portfolio reporting the Volitive Information in connection with the collection of a debt.

61. On or about May-2025, Cavalry Portfolio continued to report the Volitive Information.

62. On or about May-2025, Plaintiff obtained new copies of Plaintiff's credit reports from the CRA to review for accuracy in preparation of seeking lines of credit, as well as other services that consider Plaintiff's creditworthiness, such as employment and insurance.

63. Upon reviewing Plaintiff's credit reports, Plaintiff learned that Cavalry Portfolio was still reporting false, misleading, incomplete, and otherwise inaccurate information regarding the Account.

64. As a result of Cavalry Portfolio reporting false, misleading, incomplete, and otherwise inaccurate information regarding the Account to the CRA, Plaintiff became upset, distressed, and on more than (2) occasions lost three (3) hours of sleep.

65. Plaintiff became anxious as to whether Plaintiff would be able to correct Cavalry Portfolio's reporting of the Volitive Information or whether Plaintiff would be forced to endure the negative consequences of Cavalry Portfolio's false, misleading, incomplete, and otherwise

inaccurate information until more than seven years have passed from the delinquency date reported by .

66.     Cavalry Portfolio lacks policies and procedures reasonably adapted to prevent reporting false, misleading, incomplete, and otherwise inaccurate information to the CRA.

*ALLEGATIONS AS TO EXPERIAN*

67.      Experian is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau."

68.     Experian regularly obtains and analyzes financial information about consumers and compiles the information into "credit reports," which it provides to third parties.

69.     Experian is a "consumer reporting agency" as defined by § 1681a(f) of the FCRA and compiles the information into "credit reports," which it provides to third parties.

70.     This action is the result of Experian's multiple failures to comply with the FCRA, whereby Experian [1] failed to conduct reasonable investigation regarding information disputed by Plaintiff; [2] failed to consider all relevant information submitted by Plaintiff; [3] failed to delete inaccurate or incomplete information; [4] failed to report information identified by Plaintiff as disputed; [5] failed establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff; [6] failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when reinvestigating Plaintiff's disputes; [7] failed to provide a complete or accurate disclosure of Plaintiff's file.

71.     On or about January-2025, Plaintiff requested a complete disclosure of Plaintiff's file from Experian.

72. On or about January-2025, Experian provided an incomplete disclosure of Plaintiff file.

73. The incomplete disclosure provided by Experian omitted full account numbers, positive payment histories, dates, status, and the identity of prior and current creditors, even though the omitted information that was provided to Experian by the furnisher of each account.

74. The information omitted from the disclosure provided by Experian was contained within Experian's file regarding Plaintiff at the time of the request.

75. In reviewing what limited information was provided by Experian, Plaintiff discovered a debt collection account reported by Cavalry Portfolio that she did not recognize (the "Account").

76. Plaintiff's credit report contains false, incomplete, and inaccurate information, of which includes, but is not limited to, the account reported by Cavalry Portfolio.

77. The Account is inaccurate and incomplete.

78. The Account lacked essential identifying and contextual information, including the original date the account was opened, the date it was closed, the account number, payment history, and other details necessary for Plaintiff to identify or verify the debt.

79. The incomplete reporting of the Account materially hindered Plaintiff's ability to determine whether the debt was valid, collectible, time-barred, or otherwise enforceable.

80. The incomplete reporting of the Account prevented Plaintiff from demonstrating positive account history, such as payment history and dates of activity, that would have improved her creditworthiness if reported.

81. The incomplete reporting of the Account caused Plaintiff to be evaluated less favorably by prospective creditors and materially diminished her creditworthiness.

82.     On or about February 19, 2025, Plaintiff notified Experian in writing that the Account was incomplete and inaccurate.

83.     As part of the February 19, 2025 dispute, and in addition to the Account, Plaintiff also disputed a Portfolio Recovery Association account, Resurgent/LVNV Funding LLC accounts, and a The Bureaus Inc account (collectively, the "Additional Accounts") as inaccurate and incomplete.

84.     As part of the February 19, 2025 dispute, Plaintiff requested a copy of Plaintiff's credit report from Experian.

85.     As part of the February 19, 2025 dispute, Plaintiff included a copy of Plaintiff's drivers license and bill with his mailing address.

86.     As part of the February 19, 2025 dispute, Plaintiff provided Experian with proper identification and sufficiently requested a copy of Plaintiff's credit report.

87.     Experian received the February 19, 2025 dispute and transmitted it to each entity that furnished information disputed by Plaintiff.

88.     Despite receiving the February 19, 2025 dispute, Experian failed to conduct any investigation into the accuracy of Plaintiff's credit report.

89.     Despite receiving the February 19, 2025 dispute, Experian continued to report incomplete and inaccurate information disputed by Plaintiff.

90.     Despite receiving the February 19, 2025 dispute, Experian continued to report the Account inaccurately.

91.     Despite receiving the February 19, 2025 dispute, Experian continued to report the Additional Accounts inaccurately.

92.     Despite receiving the February 19, 2025 dispute, Experian failed to provide Plaintiff with a copy of Plaintiff's credit report.

93.     Despite receiving the February 19, 2025 dispute, Experian failed to notify Plaintiff that it deemed the dispute irrelevant and/or frivolous.

94.     As a result of Experian's failure to take appropriate action in response to the February 19, 2025 dispute, Plaintiff was required to expend additional time preparing and sending another written dispute to Experian.

95.     On or about April 14, 2025, Plaintiff continued to notify Experian in writing that false, inaccurate, and incomplete information remained on Plaintiff's credit report.

96.     On or about April 14, 2025, Plaintiff notified Experian in writing that the Account was false, inaccurate, and incomplete.

97.     On or about April 14, 2025, Plaintiff notified Experian in writing that the Additional Accounts were false, inaccurate, and incomplete.

98.     The written correspondence Plaintiff sent to Experian on April 14, 2025, contained a brief statement setting forth the nature of the dispute.

99.     As part of the written dispute Plaintiff sent to Experian on April 14, 2025, Plaintiff requested a copy of Plaintiff's credit report from Experian.

100.    Plaintiff required a full and complete copy of Plaintiff's credit report from Experian so to ensure, among other things, the information about Plaintiff, as maintained by Experian, was appropriately accurate and complete.

101.    Plaintiff requested a copy of Plaintiff's credit report directly from Experian in writing because obtaining a copy directly from Experian online required Plaintiff to create an

account and agree to undesignable terms and conditions, and requesting a copy from Experian over the phone lacked desired privacy.

102.    As part of the written dispute Plaintiff sent to Experian on April 14, 2025, Plaintiff included a copy of Plaintiff's drivers license and bill with his mailing address.

103.    By and through the written dispute Plaintiff sent to Experian on April 14, 2025, Plaintiff provided Experian with proper identification and sufficiently requested a copy of Plaintiff's credit report.

104.     Experian received the dispute sent by Plaintiff on or about April 14, 2025, and transmitted such to each entity that furnished information disputed by Plaintiff.

105.    Despite receiving the dispute sent by Plaintiff on or about April 14, 2025,  Experian failed to include of statement of dispute in Plaintiff's credit file.

106.    Despite receiving the dispute sent by Plaintiff on or about April 14, 2025,  Experian failed to conduct any investigation into the accuracy of Plaintiff's credit report.

107.    Despite receiving the dispute sent by Plaintiff on or about April 14, 2025,  Experian continued to report incomplete and inaccurate information disputed by Plaintiff.

108.    Despite receiving the dispute sent by Plaintiff on or about April 14, 2025,  Experian continued to report the Account inaccurately.

109.    Despite receiving the dispute sent by Plaintiff on or about April 14, 2025,  Experian failed to provide Plaintiff with a copy of Plaintiff's credit report.

110.    Despite receiving the dispute sent by Plaintiff on or about April 14, 2025,  Experian failed to notify Plaintiff that it deemed the dispute irrelevant and/or frivolous.

111.    Continuing to report Plaintiff's information inaccurately is significant. By continuing to report Plaintiff's information inaccurately, lenders believe Plaintiff has had a recent,

major delinquency, of which negatively reflects on a consumer's credit worthiness by impacting their credit score negatively.

112.   Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

113.   Experian failed to conduct a reasonable investigation into Plaintiff's disputes.

114.   Experian failed to review and consider all relevant information submitted by Plaintiff.

115.   Experian failed to conduct an independent investigation and, instead, deferred to underlying furnishers of the Account and the Additional Accounts despite the information Plaintiff provided to it.

116.   Experian did not conduct any independent investigation after it received Plaintiff's disputes and, instead, chose to parrot the information it received from the underlying furnishers despite being in possession of evidence that the information was inaccurate and otherwise incomplete.

117.   Experian possessed evidence that the information was inaccurate and otherwise incomplete as described by Plaintiff; however, Experian failed to correct the information.

118.   Experian's reporting of inaccurate information, despite evidence that said information is inaccurate, evidence 's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

119.   Without any explanation or reason, Experian continues to report this false, inaccurate, or otherwise incomplete information about Plaintiff.

120.    Plaintiff incurred more than $10.00 in costs mailing the disputes to Experian as a result of Experian reporting the Volitive Information in connection with the collection of a debt.

121.    Plaintiff has suffered damages as a result of the incorrect reporting and Experian's failure to correct the credit report pertaining to Plaintiff.

**COUNT 1**
**VIOLATION OF 15 U.S.C. § 1692e**
(*against Cavalry Portfolio*)

122.    Plaintiff incorporates by reference ¶¶ 5-66 of this Complaint.

123.    Section 1692e of the FDCPA prohibits the use of "**false, deceptive, or misleading representation or means in connection with the collection of any debt**." 15 U.S.C. §1692e (emphasis added).

124.    As stated above, Cavalry Portfolio reported false, misleading, incomplete, and otherwise inaccurate information to the CRA in connection with the collect of a debt from Plaintiff. Pointedly,  Cavalry Portfolio failed to report the complete payment history, as well as falsely and/or misleadingly represented the date the Account was opened, the date Plaintiff first became delinquent, the status of the Account, the original creditor of the Account, and amount of the underlying debt.

125.    Thus, by reporting the Volitive Information to the CRA, Cavalry Portfolio made false, deceptive, and/or misleading representation in connection with the collect of the Account. in violation of § 1692e of the FDCPA.

126.    As a result of Cavalry Portfolio reporting false, misleading, incomplete, and otherwise inaccurate information in connection with the collection of the Account, Plaintiff has sustained actual damages in the form of out-of-pocket expenses, time wasted, loss of sleep, distress, aggravation, and embarrassment.

127.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Cavalry Portfolio, awarding Plaintiff the following relief: [1] actual damages as provided by 15 U.S.C. § 1692k; [2] statutory damages as provided by 15 U.S.C. § 1692k; [3] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and [4] any other relief that this Court deems appropriate under the circumstances.

### COUNT 2
### VIOLATION OF 15 U.S.C. § 1692e(2)(A)
(*against Cavalry Portfolio*)

128.    Plaintiff incorporates by reference ¶¶ 5-66 of this Complaint.

129.    The sixteen subsections of 15 U.S.C. § 1692e set forth a non-exhaustive list of additional practices that fall within this ban, including, but not limited to: "[t]**he false representation of the character, amount, or legal status of any debt**." 15 U.S.C. § 1692e(2)(A). (emphasis added).

130.    As stated above, Cavalry Portfolio reported false, misleading, incomplete, and otherwise inaccurate information to the CRA in connection with the collect of a debt from Plaintiff. Pointedly,  Cavalry Portfolio failed to report the complete payment history, as well as falsely and/or misleadingly represented the date the Account was opened, the date Plaintiff first became delinquent, the status of the Account, the original creditor of the Account, and amount of the underlying debt.

131.    Thus, by reporting the Volitive Information to the CRA, Cavalry Portfolio made false representations regarding the character, among, and legal status of the Account in violation of § 1692e of the FDCPA.

132.    As a result of Cavalry Portfolio reporting false, misleading, incomplete, and otherwise inaccurate information in connection with the collection of the Account, Plaintiff has

sustained actual damages in the form of out-of-pocket expenses, time wasted, loss of sleep, distress, aggravation, and embarrassment.

133.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Cavalry Portfolio, awarding Plaintiff the following relief: [1] actual damages as provided by 15 U.S.C. § 1692k; [2] statutory damages as provided by 15 U.S.C. § 1692k; [3] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and [4] any other relief that this Court deems appropriate under the circumstances.

### COUNT 3
### VIOLATION OF 15 U.S.C. § 1692e(8)
(*against Cavalry Portfolio*)

134.    Plaintiff incorporates by reference ¶¶ 5-66 of this Complaint.

135.    The sixteen subsections of 15 U.S.C. § 1692e set forth a non-exhaustive list of additional practices that fall within this ban, including, but not limited to: "[c]**ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false….**" 15 U.S.C. § 1692e(8). (emphasis added).

136.    As stated above, Cavalry Portfolio reported false, misleading, incomplete, and otherwise inaccurate information to the CRA in connection with the collect of a debt from Plaintiff. Pointedly, Cavalry Portfolio failed to report the payment history, as well as falsely and/or misleadingly represented the date the Account was opened, the date Plaintiff first became delinquent, the status of the Account, the original creditor of the Account, and amount of the underlying debt.

137.    Here, Cavalry Portfolio knowingly chose to report the false, misleading, and/or otherwise incomplete information to the CRA because the *correct* and *complete* information is among the information Cavalry Portfolio is required to obtain, retain, and keep up-to-date within

seven (7) days, to maintain a valid Consumer Collection Agency with the Florida Office of Financial Regulation, of which Cavalry Portfolio *must* possess to lawfully collect consumer debts from Florida consumers. Fla. Stat. § 559.553(1) ("A person may not engage in business in this state as a consumer collection agency or continue to do business in this state as a consumer collection agency without first registering in accordance with this part, and thereafter maintaining a valid registration.").

138.    As such, Cavalry Portfolio communicated to any person credit information which is known or which should be known to be false in violation of § 1692e(8) of the FDCPA by falsely reporting the Volitive Information to the CRA because the *correct* and *complete* information among the information Cavalry Portfolio is required to obtain, retain, and keep up-to-date within seven (7) days, to maintain a valid Consumer Collection Agency with the Florida Office of Financial Regulation, of which Cavalry Portfolio *must* possess to lawfully collect consumer debts from Florida consumers.

139.    As a result of Cavalry Portfolio reporting false, misleading, incomplete, and otherwise inaccurate information in connection with the collection of the Account, Plaintiff has sustained actual damages in the form of out-of-pocket expenses, time wasted, loss of sleep, distress, aggravation, and embarrassment.

140.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Cavalry Portfolio, awarding Plaintiff the following relief: [1] actual damages as provided by 15 U.S.C. § 1692k; [2] statutory damages as provided by 15 U.S.C. § 1692k; [3] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and [4] any other relief that this Court deems appropriate under the circumstances.

**COUNT 4**
**VIOLATION OF 15 U.S.C. § 1692e(10)**
(*against Cavalry Portfolio*)

141.    Plaintiff incorporates by reference ¶¶ 5-66 of this Complaint.

142.    The sixteen subsections of 15 U.S.C. § 1692e set forth a non-exhaustive list of additional practices that fall within this ban, including, but not limited to: "[t]**he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**" 15 U.S.C. § 1692e(10). (emphasis added).

143.    As stated above, Cavalry Portfolio reported false, misleading, incomplete, and otherwise inaccurate information to the CRA in connection with the collect of a debt from Plaintiff. Pointedly,  Cavalry Portfolio failed to report the complete payment history, as well as falsely and/or misleadingly represented the date the Account was opened, the date Plaintiff first became delinquent, the status of the Account, the original creditor of the Account, and amount of the underlying debt.

144.    Thus, by reporting the Volitive Information to the CRA, Cavalry Portfolio used false representations and deceptive means to attempt to collect the Account in violation of § 1692e(10) of the FDCPA.

145.    As a result of Cavalry Portfolio reporting false, misleading, incomplete, and otherwise inaccurate information in connection with the collection of the Account, Plaintiff has sustained actual damages in the form of out-of-pocket expenses, time wasted, loss of sleep, distress, aggravation, and embarrassment.

146.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Cavalry Portfolio, awarding Plaintiff the following relief: [1] actual damages as provided by 15 U.S.C. § 1692k; [2] statutory damages as provided by 15 U.S.C. § 1692k; [3] costs and

reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and [4] any other relief that this Court deems appropriate under the circumstances.

**COUNT 5**
**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(*against Cavalry Portfolio*)

147.	Plaintiff incorporates by reference ¶¶ 5-66 of this Complaint.

148.	On at least one occasion within the past two years, by example only and without limitation, Cavalry Portfolio violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed information.

149.	On at least one occasion within the past two years, by example only and without limitation, Cavalry Portfolio violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

150.	On at least one occasion within the past two years, by example only and without limitation, Cavalry Portfolio violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the inaccurate information.

151.	Upon information and belief, Cavalry Portfolio was aware of the FCRA obligations to reasonably investigate dispute when it received notice of Plaintiff's disputes.

152.	When Cavalry Portfolio received notice of Plaintiff's disputes from the CRA, Cavalry Portfolio could and should have reviewed its own systems and previous communications with Plaintiff as part of its investigation.

153.	Cavalry Portfolio would have discovered that the information it was reporting about Plaintiff was inaccurate if Cavalry Portfolio had reviewed its own systems and previous communications with Plaintiff.

154. Cavalry Portfolio's investigation was *per se* deficient by reason of these failures on Cavalry Portfolio's investigation of Plaintiff's dispute.

155. As a direct and proximate result of Cavalry Portfolio's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix Plaintiff's credit; (ii) denial of financing for home loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

156. Cavalry Portfolio's actions in violation of 15 U.S.C. § 1681s-2(b), were willful, rendering it liable for actual or statutory damages as well as punitive damages as the Court may allow and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

157. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Cavalry Portfolio, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

### COUNT 6
### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(*against Cavalry Portfolio*)

158. Plaintiff incorporates by reference ¶¶ 5-66 of this Complaint.

159. On at least one occasion within the past two years, by example only and without limitation, Cavalry Portfolio violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed information.

160.    On one or more occasions within the past two years, by example only and without limitation, Cavalry Portfolio violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

161.    On one or more occasions within the past two years, by example only and without limitation, Cavalry Portfolio violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the inaccurate information.

162.    When Cavalry Portfolio received notice of Plaintiff's disputes from the CRA, Cavalry Portfolio could and should have reviewed its own systems and previous communications with Plaintiff as part of its investigation.

163.    Cavalry Portfolio would have discovered that the information it was reporting about Plaintiff was inaccurate if Cavalry Portfolio had reviewed its own systems and previous communications with Plaintiff.

164.    Cavalry Portfolio's investigation was *per se* deficient by reason of these failures on Cavalry Portfolio's investigation of Plaintiff's dispute.

165.    As a direct and proximate result of Cavalry Portfolio's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix Plaintiff's credit; (ii) denial of financing for home loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

166.   Cavalry Portfolio's actions constitute negligent noncompliance with the FCRA rendering it liable for actual damages as well as attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. §1681o.

167.   WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Cavalry Portfolio, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

**COUNT 7**
**WILFUL AND, IN THE ALTERNATIVE, NEGLIGENT**
**VIOLATION OF 15 U.S.C. § 1681e(b)**
(*against Experian*)

168.   Plaintiff incorporates by reference ¶¶ 67-121 of this Complaint.

169.   On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

170.   Experian failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when reinvestigating Plaintiff's disputes of the information contained in Plaintiff's credit report.

171.   Experian further violated 15 U.S.C. § 1681e(b) by continuing to report inaccurate, false, or incomplete information about Plaintiff, including the Subject Information, despite possessing evidence that such information was inaccurate.

172.   Experian further violated 15 U.S.C. § 1681e(b) by failing to note in Plaintiff's credit report that Plaintiff disputed the accuracy of the Subject Information.

173.    Experian's procedures were *per se* deficient by reason of these failures in ensuring maximum possible accuracy of Plaintiff's credit reports and credit files.

174.    Experian willfully and/or recklessly failed to comply with 15 U.S.C. §1681e(b) by: [a] failing to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] failing to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] failing to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] failing to promptly and adequately investigate information which Experian had notice was inaccurate; [e] continually placing inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] failing to note in the credit report that Plaintiff disputed the accuracy of the information; [g] failing to promptly delete information that was found to be inaccurate, or could not be verified; and [h] failing to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

175.    In the alternative, Experian negligently failed to comply with 15 U.S.C. § 1681e(b) by failing to exercise reasonable care in the above-described actions, including failing to establish or follow reasonable procedures to assure maximum possible accuracy and failing to correct or delete inaccurate information after receiving Plaintiff's disputes.

176.    The appearance of the accounts on Plaintiff's credit report, namely, the information identified by Plaintiff in Plaintiff's disputes to , was the direct and proximate result of 's willful and/or reckless, or alternatively negligent, failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

177.    The conduct, action, and inaction of Experian was willful, rendering Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

178.    In the alternative, the conduct, action, and inaction of Experian was negligent, rendering Experian liable for actual damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681o.

179.    Plaintiff is entitled to recover reasonable attorney's fees and costs from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

180.    As a result of the conduct, action, and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

181.    WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Experian, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1) or § 1681n(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] punitive damages, after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, pursuant to 15 U.S.C. §1681n(a)(2); [4] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) and § 1681o(a)(2); and [5] any other relief that this Court deems appropriate under the circumstances.

### COUNT 8
### WILFUL AND, IN THE ALTERNATIVE, NEGLIGENT
### VIOLATION OF 15 U.S.C. § 1681i
(*against Experian*)

182.    Plaintiff incorporates by reference ¶¶ 67-121 of this Complaint.

183. On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

184. On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by the Plaintiff with respect to the disputed information.

185. On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

186. On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(b) by failing to record in Plaintiff's credit file the dispute statement contained in the correspondence sent to Experian on or about April 14, 2025.

187. On at least one occasion within the past two years, by example only and without limitation,  Experian violated 15 U.S.C. § 1681i(c) by failing to report information identified by Plaintiff as "disputed."

188. On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(c) by failing to include Plaintiff's dispute statement with, or otherwise alongside, the information disputed by Plaintiff about April 14, 2025.

189. Experian further violated 15 U.S.C. § 1681i by failing to promptly delete information that was found to be inaccurate or could not be verified.

190. Experian further violated 15 U.S.C. § 1681i by failing to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in Plaintiff's credit report.

191.	Experian willfully and/or recklessly failed to comply with 15 U.S.C. § 1681i by: [a] failing to conduct a reasonable reinvestigation of disputed information; [b] failing to review and consider all relevant information submitted by Plaintiff; [c] failing to delete inaccurate or unverifiable information; [d] failing to note in the credit report that Plaintiff disputed the accuracy of the information; [e] failing to promptly and adequately investigate information which Experian had notice was inaccurate; [f] continually placing inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [g] failing to promptly delete information that was found to be inaccurate or could not be verified; [h] failing to take adequate steps to verify information Experian had reason to believe was inaccurate; [i] failing to record Plaintiff's dispute statement in Plaintiff's credit file; [j] failing to include Plaintiff's dispute statement with, or alongside, the information disputed by Plaintiff.

192.	In the alternative, Experian negligently failed to comply with 15 U.S.C. § 1681i by failing to exercise reasonable care in the above-described actions, including failing to conduct a reasonable reinvestigation, failing to review relevant information, failing to record information identified by Plaintiff as disputed, failing to properly include Plaintiff's dispute statement in Plaintiff's credit report, and failing to delete or correct inaccurate information after receiving Plaintiff's disputes.

193.	The conduct, action, and inaction of Experian was willful, rendering Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

194.	In the alternative, the conduct, action, and inaction of Experian was negligent, rendering Experian liable for actual damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681o.

195.    Plaintiff is entitled to recover reasonable attorney's fees and costs from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

196.    As a result of the conduct, action, and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

197.    WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Experian, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1) or § 1681n(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] punitive damages, after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, pursuant to 15 U.S.C. §1681n(a)(2); [4] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) and § 1681o(a)(2); and [5] any other relief that this Court deems appropriate under the circumstances.

### COUNT 9
### WILFUL AND, IN THE ALTERNATIVE, NEGLIGENT VIOLATION OF 15 U.S.C. § 1681g(a)
(*against Experian*)

198.    Plaintiff incorporates by reference ¶¶ 67-121 of this Complaint.

199.    On at least one occasion within the past two years, by example only and without limitation,  Experian violated 15 U.S.C. § 1681g(a) by failing to provide Plaintiff with a copy of Plaintiff's credit report, despite Plaintiff's multiple requests accompanied by proper identification, of which included a copy of Plaintiff's drivers license and bill with his mailing address.

200.     Experian willfully and/or recklessly failed to comply with 15 U.S.C. § 1681g(a) by repeatedly refusing to provide Plaintiff's credit report, despite receiving sufficient identification and requests, thereby causing Plaintiff to waste time and incur postage costs in making repeated requests.

201.    In the alternative, Experian negligently failed to comply with 15 U.S.C. § 1681g(a) by failing to exercise reasonable care in processing Plaintiff's requests for a credit report and failing to provide the report as required.

202.    The conduct, action, and inaction of Experian was willful, rendering Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

203.    In the alternative, the conduct, action, and inaction of Experian was negligent, rendering Experian liable for actual damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681o.

204.    Plaintiff is entitled to recover reasonable attorney's fees and costs from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

205.    As a result of the conduct, action, and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial, as well as the expenditure of time and postage costs in making repeated requests for the credit report.

206.    WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Experian, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1) or § 1681n(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] punitive damages, after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, pursuant to 15 U.S.C. §1681n(a)(2); [4] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) and § 1681o(a)(2); and [5] any other relief that this Court deems appropriate under the circumstances.

## COUNT 10
## WILFUL AND, IN THE ALTERNATIVE, NEGLIGENT
## VIOLATION OF 15 U.S.C. § 1681g(a)
(*against Experian*)

207.    Plaintiff incorporates by reference ¶¶ 67-121 of this Complaint.

208.    On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681g(a)(1) by failing to clearly and accurately disclose to Plaintiff all of the information in Experian's file at the time of Plaintiff's request.

209.    When Experian produces and sells reports regarding Plaintiff to third parties, the full account numbers of the tradelines are included in its reports, demonstrating its ability to comply with the duty of full disclosure imposed by 15 U.S.C. § 1681g(a)(1).

210.    Complete account numbers are necessary for a consumer to research and evaluate the information contained therein.

211.    Experian owed a duty to Plaintiff, as obligated by 15 U.S.C. § 1681(a)(1), to disclose all the information in Plaintiff's file at the time of Plaintiff's request, of which includes full and complete account numbers.

212.    Experian willful, or alternatively negligent, failure to provide full and complete account numbers thwarted Plaintiff's ability to properly scrutinize and evaluate the information contained in Plaintiff's credit report.

213.    Due to widespread systemic failures, Experian's automated system omits complete account numbers reported by data furnishers. Experian is aware of such widespread systemic failures, the resulting breach of duty, and the negative consequences it has on the consumer, yet continues the unlawful practice.

214.    Despite the fact that the full account number was disclosed to Experian by the underlying furnisher and was otherwise part of Plaintiff's file at the time of Plaintiff's request on January-2025, Experian failed to disclose the full account number of the Account to Plaintiff.

215.    Experian willfully and/or recklessly failed to comply with 15 U.S.C. § 1681(a)(1) by failing to provide the complete account numbers, as such information is necessary for a consumer to research and evaluate the information contained therein.

216.    Having a duty to disclose all of the information regarding the accounts in the Plaintiff's file, Experian breached its duty by failing to provide the complete account numbers, as such information is necessary for a consumer to be able to research and evaluate the information contained therein.

217.    Experian willfully and/or recklessly failed to comply with 15 U.S.C. § 1681g(a) by repeatedly refusing to provide Plaintiff's complete disclosure of credit report, despite receiving sufficient identification and requests, thereby causing Plaintiff to waste time and incur postage costs in making repeated requests.

218.    In the alternative, Experian negligently failed to comply with 15 U.S.C. § 1681g(a) by failing to exercise reasonable care in processing Plaintiff's requests for a credit report and failing to provide the report as required.

219.    The conduct, action, and inaction of Experian was willful, rendering Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

220.    In the alternative, the conduct, action, and inaction of Experian was negligent, rendering Experian liable for actual damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681o.

221.     Plaintiff is entitled to recover reasonable attorney's fees and costs from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

222.     As a result of the conduct, action, and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial, as well as the expenditure of time and postage costs in making repeated requests for the credit report.

223.     WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Experian, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1) or § 1681n(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] punitive damages, after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, pursuant to 15 U.S.C. §1681n(a)(2); [4] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) and § 1681o(a)(2); and [5] any other relief that this Court deems appropriate under the circumstances.

DATED: June 5, 2026

Respectfully Submitted,

 /s/ Talal Rashid
**TALAL RASHID, ESQ.**
Florida Bar No. 1010307
E-mail:     Talal@pzlg.legal
PATTI ZABALETA LAW GROUP
110 SE 6th Street, 17th Floor
Fort Lauderdale, Florida 33301
Phone:     305-332-6201

*COUNSEL FOR PLAINTIFF*